IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICAN, | : |
| Plaintiff, | : Civil Action No:1:07-cv-01338 |
| vs. | : |
| | : Judge:Rosemary M. Collyer |
| ALL PROPERTY IN/UNDERLYING E-GOLD ACCOUNT NUMBERS 352900, 2325383, AND 2449745 | : |
| Defendant *in rem*. | : |

**RECEIVED**

OCT 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**CLAIMANT THE BULLION EXCHANGE CORPORATION'S ANSWER TO THE PLAINTIFF'S VERIFIED COMPLAINT *IN REM***

**COMES NOW** the Defendant *in rem*, The Bullion Exchange, Corporation, *pro se*, and files this Answer to the Plaintiff's Verified Complaint, and by way of answer thereto, admits, denies, and states as follows:

1. Defendant admits the complaint is an action in forfeiture but denies violations of 18 U.S.C. §§ 981(a)(1)(A); denies violations of 18 U.S.C. §§ 1956 and 1960, denies the assets taken constitute proceeds traceable to a violation of any offense constituting specified unlawful activity.

2. Denies. The proper venue is in the United States District Court for Utah where the account is maintained and where Defendant resides.

3. Admits forfeiture actions are governed by the cited sections, but denies this action is a lawful action and plaintiff has taken defendant's property without due process and without basis or cause.

4. Admits the definition of defendant's property. Defendant has no knowledge of E-GOLDS operational records as identified in the remainder of the allegation and denies the same.

5. Defendant states that it was never presented with the alleged seizure warrants and therefore denies the same. Defendant was never served with this warrant and states that if an indispensable third party is not included in this litigation, it cannot proceed. Defendant is unaware of the remaining statements regarding what allegedly happened and moves to strike the same as not complying with proper pleading procedures. Defendant admits that its property was illegally and improperly seized without notice, in violation of the law.

6. Plaintiff has failed to identify how many ounces were illegally seized and sold without the consent or authorization of defendant. Defendant contends that much of the gold seized constituted property of customers and was being processed on their behalf and the plaintiff has failed to notify the effected customers and has failed to demonstrate that a less invasive action could have been taken.

7. Defendant has no way of knowing where the property is or under whose control it is being held, and must accordingly deny the same.

8. Admit that funds were seized. Defendant without sufficient knowledge to deny or admit remainder of allegation therefore denies same.

9. Defendant admits E-GOLD has offices in Florida, but has no information or knowledge as to where its "primary" offices are located. Defendant contends that if e-gold, Ltd., Ggold & Silver Reserve, Inc, and Douglas Jackson Barry Downey and Reid Jackson are the individuals operating e-gold and Gold & Silver Reserve, Inc. and defendants property was taken from accounts over which they have authority, by definition of law, these entities and individuals must be included as indispensable third parties without whose participation proper and complete adjudication of the issues cannot be made.

10. Objection of the legal argument in paragraph 10, the same fails to comply with pleading

procedures and has nothing to do with defendant. Defendant moves to strike paragraph 10 in its entirety, but nevertheless denies the same as not having sufficient knowledge. Again, plaintiff's complaint is against e-gold not defendant.

11.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

12.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to another and different indispensable third party that the plaintiff has failed to sue (Omnipay). Notwithstanding the objection, defendant denies the same.

13.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same, apparently the precious metals were present because they seized defendant's gold.

14.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

15.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

16.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

17. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

18. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed specifically towards E-Gold, who is an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

19. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to not only E-GOLD but also OmniPay, and M2M Service, none of which have been listed as parties and the allegations clearly demonstrate these are indispensable third parties that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

20. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

21. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

22. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

23. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has

failed to sue. Notwithstanding the objection, defendant denies the same.

24. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same, plaintiff has failed to identify the alleged illegal or criminal activity making it impossible for defendant to respond to the allegations.

25. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. The affidavit fails to identify the conspiracy, identify specified unlawful activity or engage in any financial transaction with the intent to conceal or disguise the nature, location, source or ownership of the proceeds. Plaintiff's claims are directed to an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

26. Objection, legal argument. Defendant moves to strike, not in compliance with pleading procedures. The statute speaks for itself. Defendant denies it is a money transmitter or required to have a money transmitter license. Plaintiff's paragraph 26, fails to allege any illegal or improper action by defendant, or demonstrate that defendant is required to have a money transmitter license.

27. Objection, the statute speaks for itself. Plaintiff has made no allegation against defendant in this paragraph, nevertheless defendant denies the same. The code section employed by FinCEN is 31 C.F.R.41 103.11 (uu), which provides the following definitions:

> Money services business. Each agent, agency, branch, or office within the United States of any person doing business, whether or not on a regular basis or as an organized business concern, in one or more of the capacities listed in paragraphs

(uu)(1) through (uu)(6) of this section. Notwithstanding the preceding sentence, the term ``money services business" shall not include a bank, nor shall it include a person registered with, and regulated or examined by, the Securities and Exchange Commission or the Commodity Futures Trading Commission.

(1) Currency dealer or exchanger. A currency dealer or exchanger (other than a person who does not exchange currency in an amount greater than $1,000 in currency or monetary or other instruments for any person on any day in one or more transactions).

(2) Check casher. A person engaged in the business of a check casher (other than a person who does not cash checks in an amount greater than $1,000 in currency or monetary or other instruments for any person on any day in one or more transactions).

(3) Issuer of traveler's checks, money orders, or stored value. An issuer of traveler's checks, money orders, or, stored value (other than a person who does not issue such checks or money orders or stored value in an amount greater than $1,000 in currency or monetary or other instruments to any person on any day in one or more transactions).

(4) Seller or redeemer of traveler's checks, money orders, or stored value. A seller or redeemer of traveler's checks, money orders, or stored value (other than a person who does not sell such checks or money orders or stored value in an amount greater than $1,000 in currency or monetary or other instruments to or redeem such instruments for an amount greater than $1,000 in currency or monetary or other instruments from, any person on any day in one or more

transactions).

(5) Money transmitter--(i) In general. Money transmitter: (A) Any person, whether or not licensed or required to be licensed, who engages as a business in accepting currency, or funds denominated in currency, and transmits the currency or funds, or the value of the currency or funds, by any means through a financial agency or institution, a Federal Reserve Bank or other facility of one or more Federal Reserve Banks, the Board of Governors of the Federal Reserve System, or both, or an electronic funds transfer network; or (B) Any other person engaged as a business in the transfer of funds. (ii) Facts and circumstances; Limitation. Whether a person ``engages as a business" in the activities described in paragraph (uu)(5)(i) of this section is a matter of facts and circumstances. Generally, the acceptance and transmission of funds as an integral part of the execution and settlement of a transaction other than the funds transmission itself (for example, in connection with a bona fide sale of securities or other property), will not cause a person to be a money transmitter within the meaning of paragraph (uu)(5)(i) of this section.

Defendant denies it is in violation of any of the defined regulatory provisions.

28.     Objection, legal argument. The statutes speak for themselves. Defendant moves to strike, not in compliance with pleading procedures. Plaintiff's claims are again directed against E-GOLD an indispensable third party that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies that it engaged in any of the enumerated activities and cannot reply on behalf of E-GOLD to whom the allegations contend violated the statutory provisions cited.

29.     Defendant cannot respond to allegations against an indispensable non-party the plaintiff has failed to include in the pleadings but which 98% of the allegations contained in the complaint are directed. Defendant must deny the same.

30.     Objection, legal argument. Defendant moves to strike, not in compliance with pleading

procedures. Plaintiff's claims are directed to three indispensable third parties that the plaintiff has failed to sue. Notwithstanding the objection, defendant denies the same.

31.   All objections, denials and other responses are incorporated herein by reference.
32.   Denied.
33.   Denied.
34.   All objections, denials and other responses are incorporated herein by reference.
35.   Denied.
36.   Denied.
37.   All objections, denials and other responses are incorporated herein by reference.
38.   Denied.
39.   Denied.
40.   All objections, denials and other responses are incorporated herein by reference.
41    Denied.

**WHEREFORE**, Defendant respectfully moves this Court to dismiss the action, Order the return of the seized assets in gold which was seized, plus interest thereon, court costs and such other further damages as this Court deems just and adequate to redress frivolous, illegal, improper seizure of Defendants property and assets.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendant denies generally and specifically each and every allegation set forth in the Complaint except to the extent that such allegation has been expressly admitted.

### SECOND DEFENSE

The plaintiff has failed to state of cause of action upon which relief may be granted.

### THIRD DEFENSE

Defendant contends that the Complaint is without merit, and constitutes an abuse of the legal process, and additionally deprived Defendant of its property without due process of law.

## FOURTH DEFENSE

Defendant asserts compliance with all state and federal laws relating to money transmitters, and as such, the seizure of Defendants property was illegal.

## FIFTH DEFENSE

Defendant asserts complicity of the United States Government in having its agents using third parties to intentionally falsify documents used in commerce.

## SIXTH DEFENSE

Defendant reserves the right to assert further defenses as discovery and investigation warrant.

## SEVENTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver, and estoppel

## EIGHTH DEFENSE

Plaintiffs' Complaint is defective in that plaintiffs have failed to join indispensable parties to which the majority of the complaint is directed .

## SEVENTH DEFENSE

The claims are barred by the United States Constitution and amendments thereto, including: Article I, Section 8(Commerce Clause); Article I, Section 10(1) (Contracts Clause); Article VI (Supremacy Clause); Fifth Amendment(Due Process, Takings); Eighth Amendment (Excessive Fines); Fourteenth Amendment (Due Process and Equal Protection); and the prohibition of *ex post facto* laws embodied in Article I, Section 10

## EIGHTH DEFENSE

Plaintiffs' causes of action constitute excessive fines in violation of the Eighth Amendment to the U.S. Constitution.

## TENTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part due to lack of jurisdiction over the subject matter.

## ELEVENTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part due to improper venue.

## TWELFTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part due to insufficiency of process.

## THIRTEENTH DEFENSE

Plaintiff has engaged in malicious prosecution, and failed to prosecute others similarly situated.

**WHEREFORE**, having responded to the allegations contained in the plaintiff's Complaint, defendant moves this Court to dismiss the plaintiffs Complaint, award defendant its costs in responding to the same, return of the seized funds, along with interest thereon at the statutory interest rate, and for such other relief as this Court deem just, adequate and proper. Respectfully submitted,

The Bullion Exchange, Inc.

_____
Don Neve
President
1727 Major Street
Salt Lake City, UT 84115

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Civil Action No:1:07cv01338 |
| Plaintiff, : | |
| vs. : | |
| : | Judge: Rosemary M. Collyer |
| ALL PROPERTY IN/UNDERLYING: : | |
| E-GOLD ACCOUNT NUMBERS : | |
| 352900, 2325383, AND 2449745 : | |
| BULLION EXCHANGE CORPORATION : | |
| : | |
| Defendants *in rem*. : | |

**CERTIFICATE OF SERVICE**

I, Don Neve, state that on this 9th day of October, 2007, I placed a true and correct copy of the Answer to Complaint, and Motion to Dismiss, in the United States Mails, postage prepaid, and addressed as follows:

William Cowden
Laurel Loomis Rimon
Assistant United States Attorneys
United States Attorney's Office
555 4th Street N.W.
Washington, D.C. 20530

Don Neve, President
1727 Major Street
Salt Lake City, UT (Utah) 84115
(801) 488-4653