IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. A. No. 07-01338(RMC) |
| Plaintiff, | ) | |
| | ) | Stipulation of Settlement |
| v. | ) | |
| | ) | |
| ALL PROPERTY IN/UNDERLYING | ) | |
| E-GOLD ACCOUNT NUMBERS: | ) | |
| 352900, 2325383 AND 2449745, | ) | |
| Defendant. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. A. No. 07-0277(JJF) |
| Plaintiff, | ) | |
| | ) | Stipulation of Settlement |
| v. | ) | |
| | ) | |
| ALL FUNDS HELD IN WELLS | ) | |
| FARGO BANK ACCOUNT NUMBER | ) | |
| XXX-XXX5693, IN THE NAME OF | ) | |
| THE BULLION EXCHANGE CORP., | ) | |
| DEFENDANT. | ) | |

## SETTLEMENT AGREEMENT

Plaintiff, the United States of America, by its attorneys, the United States Attorney for the District of Columbia and the United States Attorney for the District of Delaware, and The Bullion Exchange Corporation ("Claimant"), a Utah corporation, by and through its President, Don Neve, and its counsel, Steven A. Christensen, David S. Eagle and Kelly A. Green, hereby notify these two Courts in which the above-referenced actions are pending that the stated parties have assented to terms of a

Settlement Agreement ("Agreement") that will dispose of: (1) the property seized and subjected to forfeiture, and contested by Claimant, in civil forfeiture action 07-cv-1338(RMC), in the District of Columbia; and (2) the property seized and subjected to forfeiture, and contested by Claimant, in civil forfeiture action 07-cv-0277(JJF) in the District of Delaware.

WHEREAS, Plaintiff seized from: (1) Claimant's accounts with e-Gold, Ltd., e-gold that, upon conversion to U.S. Dollars, had a value of $67,476.71; and (2) Claimant's Wells Fargo Bank Account, funds amounting to $631,697.25;

WHEREAS, Plaintiff thereafter instituted civil forfeiture actions in the United States District Courts in Washington, D.C., and Delaware, against these seized properties;

WHEREAS, Claimant filed a claim in each case and maintains that a portion of the seized property concerns business transactions involving customers of Claimant who were in the process of buying, selling, or redeeming e-gold at the time of the property seizures; and

WHEREAS, the parties, desire to enter into this Agreement in order to resolve these matters and thereby avoid the expense of further litigation, the parties hereto agree and stipulate as follows:

<u>Payment to Claimant</u>

1. The United States consents to entry of a Court Order

directing the United States to release to Claimant, by check made payable to the "Steven Christensen Escrow Account", **$324,840.16**. Claimant understands that it will assume full responsibility for any and all tax consequences of receipt of this payment.

### Consent to Forfeiture of Remaining Defendant Property

2. Claimant agrees to withdraw its claims in each of the two pending civil forfeiture cases and to consent to entry of Orders forfeiting the remaining defendant property (including principal and accrued interest (if any)) to the United States of America.

### Notice of Putative Petitioner Status to Former Customers

3. Claimant agrees to notify former customers who it maintains were in the process of buying, selling, or redeeming e-gold at the time of the seizures of the defendant properties of existence of this Stipulation, and further to inform such customers that they "may petition the Attorney General for remission of property that was forfeited in these cases, pursuant to regulations set forth at 28 C.F.R. Part 9." Claimant's notice to its former customers also shall direct such former customers to mail petitions within thirty (30) days to both "William R. Cowden, Chief, Asset Forfeiture Unit, United States Attorney's Office, District of Columbia, 555 4th Street, N.W., Washington, DC 20530" and "Douglas E. McCann, Chief, Asset Forfeiture Unit, United States Attorney's Office, District of Delaware, 1007

Orange Street, Suite 700, P.O. Box 2046, Wilmington, Delaware 19899-2046."

General Provisions

4. This Agreement shall not constitute an admission of liability or fault on the part of Claimant or its past or present agents, employees, representatives or officers. The Parties enter into this Agreement solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. Plaintiff and Claimant agree that each party to this Agreement shall bear its own court costs, legal expenses and attorney's fees incurred in relation to this litigation and related to the facts underlying it.

6. Each of the parties to this Agreement has participated in the drafting and negotiation of this Agreement. For all purposes, this Agreement shall be deemed to have been drafted jointly by all parties hereto.

7. Each of the parties to this Agreement has carefully read this Agreement and, after consultation with their respective legal counsel, as applicable, all parties to this Agreement fully understand this Agreement and sign it as a voluntary act.

8. The persons signing this Agreement represent and warrant by their signatures that they have authority to sign this Agreement on behalf of the individuals or entities for whom they

are purporting to sign.

9. It is contemplated that this Agreement may be executed in several counterparts, with a separate signature pages for the United States, for Claimant and its counsel. This Agreement may be executed on facsimile copies and in counterparts, each of which shall be provided to counsel for the United States. Facsimiles of signatures, should they be provided to the United States, shall constitute acceptable, binding signatures for purposes of this Agreement. Upon its receipt of executed counterpart signature pages, the United States may treat the executed counterparts as one merged document that the United States may execute, and may then file, along with a consistent proposed order, electronically with the Court.

10. No term or provision of this Agreement may be varied, changed, modified, waived, or terminated, except by an instrument in writing signed by the party against whom the enforcement of such alteration is sought.

11. This Agreement shall be governed and construed by the laws of the District of Columbia.

* * *

WHEREFORE, as set forth in the eleven (11) enumerated paragraphs above, the parties to this Agreement stipulate that these civil forfeiture actions should be resolved, finally, as set forth herein.

Civil Action Nos. 07-cv-1338(RMC) and 07-cv-0277(JJF)
SETTLEMENT AGREEMENT ACCEPTED:

For Plaintiff in District of DC action 07-cv-1338(RMC):

/s/
_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
District of Columbia

/s/ *[signature]*
For _____
WILLIAM R. COWDEN
Assistant United States Attorney
DC Bar #426301
555 4th Street, NW
Washington, DC 20530
(202) 307-0258
(202) 514-8707 (fax)
william.cowden@usdoj.gov
Counsel for Plaintiff

For Plaintiff in District of DE Action 07-cv-0277(JJF):

/s/
_____
COLM F. CONNOLLY
UNITED STATES ATTORNEY
District of Delaware

/s/ *[signature]*
_____
DOUGLAS E. MCCANN
Assistant United States Attorney
DE Bar #3852
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277 x168
(302) 573-6220 (fax)
douglas.mccann@usdoj.gov

Counsel for Plaintiff

Civil Action Nos. 07-cv-2118(RMC) and 07-cv-0277(JJF)
SETTLEMENT AGREEMENT ACCEPTED:

For Claimant The Bullion Exchange Corporation:

/s/ _____
DON NEVE (President)
Claimant in 07-2118(RMC)/07-0277(JJF)

and

/s/ _____
STEVEN A. CHRISTENSEN
LAW OFFICES OF STEVEN A. CHRISTENSEN
3381 W. Star Fire Road
South Jordan, UT 84095
(801) 255-8727
(801) 569-9415 (fax)
steven_christensen@hotmail.com

/s/ _____
DAVID S. EAGLE
DE Bar #3387
KELLY A. GREEN
DE Bar #4095
KLEHR, HARRISON, HARVEY, BRANZBURG
    & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 552-5508
(302) 426-9193 (fax)
deagle@klehr.com
kgreen@klehr.com

Counsel for The Bullion Exchange
    Corporation