UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|        ) | |
|     Plaintiff,      ) | |
|        ) | |
| v.      ) | Civ. No. 07-1338 (RMC) |
|        ) | |
| ALL PROPERTY IN/UNDERLYING      ) | |
| E-GOLD ACCOUNT NUMBER(S):      ) | |
|        ) | |
| 352900, 2325383, AND 2449745,      ) | |
|        ) | |
|     Defendant.      ) | |
|        ) | |

**MOTION FOR ENTRY OF JUDGMENT AND DECREE OF FORFEITURE**

NOW COMES Plaintiff, the United States, by and through Jeffrey A. Taylor, United States Attorney for the District of Columbia, and William R. Cowden, Assistant United States Attorney for the District of Columbia, and hereby moves for the entry of judgment in the above-captioned action pursuant to Rule 58 of the Federal Rules of Civil Procedure for the reasons set forth below.

1.    A Verified Complaint *in rem* was filed in this action on July 24, 2007. The Complaint alleged that Defendant *in rem* All Property In/Underlying e-Gold Account Number(s): 352900, 2325383 AND 2449745 in the name of The Bullion Exchange Corporation was forfeit to the United States for violations of 18 U.S.C. §§ 981(a)(1)(A), 984 and 1960.[1]

2.    Copies of the Complaint and Warrant of Arrest In Rem issued by the Clerk of the Court were served upon the defendant property on October 11, 2007. (See Docket, Document 12.)

---

[1] Upon its conversion out of the e-Gold system, the defendant property in this case became $67,476.71 in U.S. currency.

3. Pursuant to a Warrant for Arrest *in rem* issued by the Clerk of the Court on July 25, 2007, all persons interested in the defendant property were required to file a verified claim with the Clerk of the Court within thirty (30) days of service of the Warrant for Arrest *in rem*, or publication of the action.

4. Notice of said forfeiture action was sent to parties with a known interest in the property.[2]

5. Don Neve on his own behalf and on behalf of The Bullion Exchange ("Claimant") filed verified claims on September 24, 2007. These claims were settled on May 5, 2007 as part of a global settlement of this case and another action that the government filed in U.S. District Court in Delaware. (*See* Exhibit 1.)

6. Notice of said forfeiture action and arrest was also published in the Wall Street Journal, a newspaper of general circulation in the District of Columbia. (*See* Exhibit 2.)

7. No person or entity, other than Claimant, filed a verified claim in the above-captioned action and the time for filing such claims has expired. *See* 18 U.S.C. § 983(a)(4)(A) (claims due within 30 days after service of government's complaint or completion of publication notice); Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (verified claim deadline set within Notice of Forfeiture; deadline may occur 35 days after notice is sent and 30 days after publication notice completed).

WHEREFORE, the United States respectfully requests that the Court enter a judgment and decree of forfeiture in this action in favor of the United States and against the Defendant *in*

---

[2] Although the defendant property in this case was seized from their operation, as part of their plea of guilty to criminal charges, the operators of the e-Gold system have agreed not to contest this forfeiture.

*rem*, and order that the Defendant *in rem* be disposed of in accordance with the Settlement Agreement and applicable law. A proposed form of order is attached for the Court's convenience.

          Respectfully submitted,

          /s/
          JEFFREY A. TAYLOR, D.C. Bar #498610
          United States Attorney

          /s/
          WILLIAM R. COWDEN, D.C. Bar #426301
          Assistant United States Attorney
          U.S. Attorney's Office
          Criminal Division
          555 Fourth St., N.W.
          Washington, D.C.  20530
          202-307-0258
          william.cowden@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August 2008 a copy of the foregoing Motion for Entry of Judgment and Degree of Forfeiture and Proposed Order of Forfeiture was sent by mail to counsel of record (in Civ. A. No. 07-1338) for the operator of the e-Gold money transmitting operation and by (2) electronic mail or (3) the U.S. mail system to the address(es) that the person who appears to have opened the e-gold accounts at issue in this case provided to the operator of the e-Gold money transmitting system (see Complaint, ¶4) prior to the seizure of the defendant property from that system.

          /s/
          WILLIAM R. COWDEN
          Assistant United States Attorney

```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )    Civ. A. No. 07-01338(RMC)
            Plaintiff,       )
                             )    Stipulation of Settlement
        v.                   )
                             )
ALL PROPERTY IN/UNDERLYING   )
E-GOLD ACCOUNT NUMBERS:      )
352900, 2325383 AND 2449745, )
            Defendant.       )
_____)


              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    )    Civ. A. No. 07-0277(JJF)
            Plaintiff,       )
                             )    Stipulation of Settlement
        v.                   )
                             )
ALL FUNDS HELD IN WELLS      )
FARGO BANK ACCOUNT NUMBER    )
XXX-XXX5693, IN THE NAME OF  )
THE BULLION EXCHANGE CORP.,  )
            DEFENDANT.       )
_____)
```

## SETTLEMENT AGREEMENT

Plaintiff, the United States of America, by its attorneys, the United States Attorney for the District of Columbia and the United States Attorney for the District of Delaware, and The Bullion Exchange Corporation ("Claimant"), a Utah corporation, by and through its President, Don Neve, and its counsel, Steven A. Christensen, David S. Eagle and Kelly A. Green, hereby notify these two Courts in which the above-referenced actions are pending that the stated parties have assented to terms of a

Settlement Agreement ("Agreement") that will dispose of: (1) the property seized and subjected to forfeiture, and contested by Claimant, in civil forfeiture action 07-cv-1338(RMC), in the District of Columbia; and (2)the property seized and subjected to forfeiture, and contested by Claimant, in civil forfeiture action 07-cv-0277(JJF) in the District of Delaware.

WHEREAS, Plaintiff seized from: (1) Claimant's accounts with e-Gold, Ltd., e-gold that, upon conversion to U.S. Dollars, had a value of $67,476.71; and (2) Claimant's Wells Fargo Bank Account, funds amounting to $631,697.25;

WHEREAS, Plaintiff thereafter instituted civil forfeiture actions in the United States District Courts in Washington, D.C., and Delaware, against these seized properties;

WHEREAS, Claimant filed a claim in each case and maintains that a portion of the seized property concerns business transactions involving customers of Claimant who were in the process of buying, selling, or redeeming e-gold at the time of the property seizures; and

WHEREAS, the parties, desire to enter into this Agreement in order to resolve these matters and thereby avoid the expense of further litigation, the parties hereto agree and stipulate as follows:

Payment to Claimant

1. The United States consents to entry of a Court Order

directing the United States to release to Claimant, by check made payable to the "Steven Christensen Escrow Account", **$324,840.16**. Claimant understands that it will assume full responsibility for any and all tax consequences of receipt of this payment.

<u>Consent to Forfeiture of Remaining Defendant Property</u>

2. Claimant agrees to withdraw its claims in each of the two pending civil forfeiture cases and to consent to entry of Orders forfeiting the remaining defendant property (including principal and accrued interest (if any)) to the United States of America.

<u>Notice of Putative Petitioner Status to Former Customers</u>

3. Claimant agrees to notify former customers who it maintains were in the process of buying, selling, or redeeming e-gold at the time of the seizures of the defendant properties of existence of this Stipulation, and further to inform such customers that they "may petition the Attorney General for remission of property that was forfeited in these cases, pursuant to regulations set forth at 28 C.F.R. Part 9." Claimant's notice to its former customers also shall direct such former customers to mail petitions within thirty (30) days to both "William R. Cowden, Chief, Asset Forfeiture Unit, United States Attorney's Office, District of Columbia, 555 4th Street, N.W., Washington, DC 20530" and "Douglas E. McCann, Chief, Asset Forfeiture Unit, United States Attorney's Office, District of Delaware, 1007

Orange Street, Suite 700, P.O. Box 2046, Wilmington, Delaware 19899-2046."

<u>General Provisions</u>

4. This Agreement shall not constitute an admission of liability or fault on the part of Claimant or its past or present agents, employees, representatives or officers. The Parties enter into this Agreement solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. Plaintiff and Claimant agree that each party to this Agreement shall bear its own court costs, legal expenses and attorney's fees incurred in relation to this litigation and related to the facts underlying it.

6. Each of the parties to this Agreement has participated in the drafting and negotiation of this Agreement. For all purposes, this Agreement shall be deemed to have been drafted jointly by all parties hereto.

7. Each of the parties to this Agreement has carefully read this Agreement and, after consultation with their respective legal counsel, as applicable, all parties to this Agreement fully understand this Agreement and sign it as a voluntary act.

8. The persons signing this Agreement represent and warrant by their signatures that they have authority to sign this Agreement on behalf of the individuals or entities for whom they

are purporting to sign.

9.  It is contemplated that this Agreement may be executed in several counterparts, with a separate signature pages for the United States, for Claimant and its counsel.  This Agreement may be executed on facsimile copies and in counterparts, each of which shall be provided to counsel for the United States.  Facsimiles of signatures, should they be provided to the United States, shall constitute acceptable, binding signatures for purposes of this Agreement.  Upon its receipt of executed counterpart signature pages, the United States may treat the executed counterparts as one merged document that the United States may execute, and may then file, along with a consistent proposed order, electronically with the Court.

10. No term or provision of this Agreement may be varied, changed, modified, waived, or terminated, except by an instrument in writing signed by the party against whom the enforcement of such alteration is sought.

11. This Agreement shall be governed and construed by the laws of the District of Columbia.

* * *

WHEREFORE, as set forth in the eleven (11) enumerated paragraphs above, the parties to this Agreement stipulate that these civil forfeiture actions should be resolved, finally, as set forth herein.

Civil Action Nos. 07-cv-1338(RMC) and 07-cv-0277(JJF)
SETTLEMENT AGREEMENT ACCEPTED:

For Plaintiff in District of DC action 07-cv-1338(RMC):

/s/
_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
District of Columbia

/s/ *[signature: Dougl E. McC]*
_____
For WILLIAM R. COWDEN
Assistant United States Attorney
DC Bar #426301
555 4th Street, NW
Washington, DC 20530
(202) 307-0258
(202) 514-8707 (fax)
william.cowden@usdoj.gov
Counsel for Plaintiff

For Plaintiff in District of DE Action 07-cv-0277(JJF):

/s/
_____
COLM F. CONNOLLY
UNITED STATES ATTORNEY
District of Delaware

/s/ *[signature: Dougl E. McC]*
_____
DOUGLAS E. MCCANN
Assistant United States Attorney
DE Bar #3852
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277 x168
(302) 573-6220 (fax)
douglas.mccann@usdoj.gov

Counsel for Plaintiff

Page 6 of 7

Civil Action Nos. 07-cv-2118(RMC) and 07-cv-0277(JJF)
SETTLEMENT AGREEMENT ACCEPTED:

For Claimant The Bullion Exchange Corporation:

/s/ _____
DON NEVE (President)
Claimant in 07-2118(RMC)/07-0277(JJF)

and

/s/ _____
STEVEN A. CHRISTENSEN
LAW OFFICES OF STEVEN A. CHRISTENSEN
3381 W. Star Fire Road
South Jordan, UT 84095
(801) 255-8727
(801) 569-9415 (fax)
steven_christensen@hotmail.com

/s/ _____
DAVID S. EAGLE
DE Bar #3387
KELLY A. GREEN
DE Bar #4095
KLEHR, HARRISON, HARVEY, BRANZBURG
    & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 552-5508
(302) 426-9193 (fax)
deagle@klehr.com
kgreen@klehr.com

Counsel for The Bullion Exchange
    Corporation

# AFFIDAVIT

**STATE OF TEXAS**              )
                                ) ss:
**CITY AND COUNTY OF DALLAS**)

I, Erin McBrayer, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): 4/8/08; advertiser: U.S. Secret Service.; and that the foregoing statements are true and correct to the best of my knowledge.

MITCHELL E. CHEATHAM
Notary Public, State of Texas
My Commission Expires
March 01, 2011

Sworn to before me this
8th day of April '08.

Notary Public

Exhibit #2
*U.S. v. All Property In/Underlying e-Gold Account Numbers: 352900, 2325383 AND 2449745,*
Court No. 07-cv-1338 (RMC)

**PUBLIC NOTICES**

**LEGAL NOTICE**

NOTICE IS HEREBY GIVEN that by virtue of Warrants for Arrest In Rem, issued by the U.S. District Court for the District of Columbia, in actions entitled U.S. v. All Property in/underlying E-gold Account(s): 3830833 & 2094836 ($445,189.72); U.S. v. All Property in/underlying E-gold Account(s): 2636005, 2825136 & 2828872 ($1,769,264.19); U.S. v. All Property in/underlying E-gold Account(s): 352900, 2325383 & 2449745 ($67,476.71); U.S. v. All Property in/underlying E-gold Account(s): 3398013 ($623,410.62); U.S. v. All Property in underlying E-gold Account(s): 310679 ($8,886.29); U.S. v. All Property in/underlying E-gold Account(s): 183720, 148652 and 111318 ($764,955.66) and U.S. v. All Property in/underlying E-gold Account(s): 544179 & 109243 ($1,481,976.38), agents of the United States Departments of the Treasury or Homeland Security seized the properties described above, on about April 27, 2007, and thereafter arrested such properties in relation to the civil forfeiture actions filed and respectively numbered: 07-01345(RMC); 07-01346(RMC); 07-01338(RMC); 07-01332(RMC); 07-01335(RMC); 07-01342(RMC); 07-01337(RMC) (actions filed on about July 24, 2007), for violations of 18 U.S.C. §§981(a)(1), 1956 and 1960. These civil forfeiture lawsuits request that the said properties be seized for condemnation and confiscation and request such costs and disbursement as decreed by the Court. Persons entitled to possession, or claiming an interest in said properties must, pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. §983(a)(4)(A), within 30 days after the earlier of (1) receiving actual notice of the lawsuit or (2) the publication of this notice, file verified claims with the Clerk of the Court, U.S. District Court for the District of Columbia, and serve same upon the attorney for plaintiff, and must file and serve answers within 20 days after the filing of verified claims. All interested persons must file claims and answers within the time so fixed, or be defaulted, and said property be condemned and forfeited to the use of the United States of America. William R. Cowden, Assistant United States Attorney, 555 Fourth Street, N.W., Washington D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Civ. No. 07-1338 (RMC) |
| ) | |
| ALL PROPERTY IN/UNDERLYING    ) | |
| E-GOLD ACCOUNT NUMBER(S):    ) | |
| ) | |
| 352900, 2325383, AND 2449745,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

**O R D E R**

On July 24, 2007, a Verified Complaint for Forfeiture *In Rem* was filed by the plaintiff, United States of America, against the *in rem* defendant, all property in/underlying e-gold account numbers: 352900, 2325383, AND 2449745.[1] The Complaint sought to enforce the provisions of 18. U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18. U.S.C. §§ 1956 and 1960, or any property traceable to such property. The Complaint also sought to enforce the provision of 18. U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" or a conspiracy to commit such offense.

It appearing that process was fully issued in this action with respect to the defendant property and returned according to law;

That pursuant to a Warrant of Arrest *in Rem* issued by this Court, agents of the United

---

[1] Upon its conversion out of the e-Gold system, the defendant property in this case became $67,476.71 in U.S. currency.

States Department of Treasury served the defendant property on October 11, 2007;

That a signed Stipulation of Settlement has been filed with the Court that resolves all contested issues in the civil forfeiture matters pending between the United States and The Bullion Exchange Corporation and Don Neve ("Claimants"), the sole claimants to the property that has been sued by the government, for forfeiture, in the above-captioned case;

That no defense to the forfeiture remains interposed; and that a basis for the forfeiture exists as set forth in the Complaint;

Now, therefore, on motion of plaintiff, the United States of America, for Entry of Judgment and Degree of Forfeiture, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that judgment be and hereby is entered in favor of the United States and against the defendant *in rem*;

**IT IS FURTHER ORDERED** that all right, title and interest in the defendant *in rem* vests in the United States according to applicable law and all other claims or interest in the defendant *in rem* are foreclosed and forever barred.

**IT IS FURTHER ORDERED** that the Attorney General or the Secretary of the Treasury, or his designee, shall dispose of the defendant *in rem*, now valued as $67,476.71, in United States currency in a manner consistent with the terms of the settlement agreement in this case and applicable laws and regulations.

      The Clerk is hereby directed to send certified copies of this Order of Forfeiture to plaintiff's counsel of record.

      Dated this _____ day of _____, 2008.


                                            ROSEMARY M. COLLYER
                                            United States District Judge